UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

SHARRIEF RASHAD SHABAZZ
MUHAMMAD,

                        Plaintiff,

-against-

N.Y. POLICE DEPARTMENT,

                        Defendant.
----------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 05-CV-4096 (FB) (LB)

*Appearances:*
*For the Plaintiff:*
SHARRIEF RASHAD SHABAZZ
MUHAMMAD, *pro se*
234 Sands Street, Apt. 4-K
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

        Plaintiff, Sharrief Rashad Shabazz Muhammad, proceeding *pro se*, sues defendant, "N.Y. Police Department"; he also seeks leave to proceed *in forma pauperis* ("IFP"), which the Court grants. Under 28 U.S.C. § 1915(e)(2)(B), a district court "shall dismiss" an IFP action "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Second Circuit has held, however, that "[a]lthough the language of § 1915 is mandatory, . . . a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an

amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 796 (2d Cir. 1999).

I.

Plaintiff's complaint is short on facts and long on broad, conclusory allegations:

> N.Y.P.D. had no probable cause to arrest[. O]fficer #7764607R provided false information to prosecuting [attorney and a]dvised, assisted and directed prosecution[.] Officer #776460R did knowingly and purposely manufacture evidence to obtain a wrongful conviction[. O]fficers of N.Y.P.D. planted or attempted to plant into the minds of witnesses, that which witnesses had no knowledge of[.] Arresting Officer #7764607R did knowingly attempt to defame, ruin, harrass [sic], and destroy the reputation of plaintiff[. O]fficer did knowingly attempt to deprive rights to a fair trial.

Compl. ¶ 4. Liberally construed, *see Burgos v. Hopkins,* 14 F.3d 787 (2d Cir. 1994), the complaint claims that plaintiff was the object of an allegedly false arrest and malicious prosecution; such claims are potentially actionable under 42 U.S.C. § 1983. *See Jocks v. Tavernier,* 316 F.3d 128, 134 (2d Cir. 2003) (recognizing that "[c]laims for false arrest or malicious prosecution [may be] brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures"). "To state a claim under § 1983, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States (2) which has taken place under color of state law." *Rodriguez v. Weprin,* 116 F.3d 62, 65 (2d Cir. 1997).[1]

---

[1] Plaintiff may also be attempting to state claims for false arrest, malicious prosecution and defamation under state law; under 28 U.S.C. § 1367, the Court would have supplemental jurisdiction over such claims. Where, however, all federal claims have been eliminated before trial, concerns of judicial economy, convenience, fairness

2

## II.

In its current form, plaintiff's complaint is defective in several respects. First, the complaint contains no allegations regarding the details of his allegedly wrongful arrest and prosecution, such as relevant dates, the circumstances of his arrest, the nature of the charges brought against him, and the nature of the allegedly "manufactured" evidence and testimony introduced during the prosecution. A complaint must include a "short and plain statement of the claim showing that pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); the statement must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Straker v. Metropolitan Transit Auth.*, 333 F. Supp. 2d 91 (E.D.N.Y. 2004).

One of the details not alleged in plaintiff's complaint is the outcome of the prosecution against him. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

---

and comity usually "point toward declining to exercise jurisdiction over the remaining state-law claims." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) (citing 28 U.S.C. § 1367(c)). The Court will therefore decline to address the viability of plaintiff's potential state-law claims until he demonstrates that he can assert a viable federal claim.

3

*Id.* at 486-87 (footnotes and citations omitted). Under *Heck*, there can be no § 1983 claim based on malicious prosecution unless the plaintiff can allege either that the criminal proceedings terminated in his favor, or that his conviction has been invalidated. *See Preston v. New York*, 223 F. Supp. 2d 452, 467 (S.D.N.Y. 2002) (citing *Woods v. Candela*, 47 F.3d 545 (2d Cir. 1995)). Similarly, "in a case where the *only* evidence for conviction was obtained pursuant to an arrest, recovery in a civil case based on false arrest would necessarily impugn any conviction resulting from the use of that evidence," *Covington v. City of New York*, 171 F.3d 117, 123 (2d Cir. 1999); thus, to maintain a § 1983 claim based on an allegedly false arrest that resulted in a conviction, the plaintiff must allege either that the conviction has been invalidated, or that it was supported by "independent evidence . . . that was not in any way tainted by the [allegedly] unlawful arrest." *Id.*

Finally, plaintiff has named only the "N.Y. Police Department" as a defendant. "[T]he [New York City] Police Department is not a suable entity." *East Coast Novelty Co. v. City of New York*, 781 F. Supp. 999, 1010 (S.D.N.Y. 1992) (citing N.Y. City Charter § 396). If plaintiff wishes to sue a government entity, he must name the City of New York as a defendant. *See id.* He must also allege that the N.Y.P.D., as a city agency, had an unconstitutional policy or custom, and that this policy or custom was "the moving force" behind his allegedly unlawful arrest and prosecution. *Monell v. Department of Social Serv.*, 436 U.S. 658, 694 (1978); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (noting that § 1983 does allow for liability based on *respondeat superior* or "linkage in the ... chain of command" (citations and internal quotation marks omitted)). If plaintiff wishes to sue individuals, he must name them as defendants and allege how each individual was

personally involved in the alleged violation of his civil rights. *See Snider v. Dylag*, 188 F.3d 51, 54 (2d Cir. 1999) ("[P]ersonal involvement of the defendant in the conduct that allegedly violates the plaintiff's constitutional rights is generally a prerequisite for liability under a § 1983 claim.").

The foregoing defects are curable. The Court will therefore grant plaintiff leave to amend his complaint.

### III.

Defendant, "N.Y. Police Department," is dismissed as a party to this action. No summons shall issue as to this defendant.

Plaintiff shall file an amended complaint that complies with the following directives:[2]

1. It must contain a caption identifying it as the "Amended Complaint." *See* Fed. R. Civ. P. 10(a). The caption must also list as defendants all entities and individuals that plaintiff wishes to sue. *See id.* If plaintiff does not know the names of the individuals, he may refer to them as "John Doe" or "Jane Doe." He must, however, provide as much information about the individuals as possible (such as badge numbers), must take reasonable steps to learn their names, and must amend his complaint to list them by name before the statute of limitations expires. *See, e.g., Covington v. Warden of C-95*, 1996 WL 75211, at *4-*5 (E.D.N.Y. Feb. 8, 1996).

2. It must contain a short and plain statement of the facts giving rise to plaintiff's claims. *See* Fed. R. Civ. P. 8(a)(2). This statement of facts must remedy the

---

[2]Plaintiff may use the same form he used for his original complaint.

defects identified in this Memorandum and Order

       3.     It must be filed within thirty (30) days of the date of this Memorandum and Order.

Further proceedings shall be stayed to allow plaintiff an opportunity to comply with this Memorandum and Order. If, after thirty (30) days, plaintiff has not filed an amended complaint, or if the amended complaint does not comply with the Court's directives, the case will be dismissed pursuant to 28 U.S.C.§ 1915(e)(2)(B).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Memorandum and Order would not be taken in good faith. IFP status is therefore denied for purposes of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
December 8, 2005